Gifford v. Landrine.

---

GEORGE GIFFORD

*v.*

LAWRENCE D. LANDRINE et al.

1. Declarations made by an agent in the course of a transaction in which he is authorized to represent his principal, are the declarations of his principal, but to entitle them to this effect the relation of principal and agent must first be established by competent evidence.

37   127
55L  332

37   127
61   520

Gifford v. Landrine.

2. Declarations of the person alleged to be the agent, are not competent to establish the fact of agency.

On final hearing on bill and answer and proofs taken before a master.

*Mr. William Brinkerhoff,* for complainant.

*Mr. Gilbert Collins,* for defendant.

VAN FLEET, V. C.

This is a foreclosure suit. The defence is usury. The complainant's mortgage was given to secure a loan made by the complainant to the defendant. The loan was made through a broker. He is dead. The defendant says the broker was the agent of the complainant, and he attempts to establish the fact of usury by proof of declarations of the broker. The following are the facts, as given by the defendant: He applied to the broker for a loan; the broker told him that he had money to lend belonging to the complainant, but that the complainant wanted a bonus of ten per cent.; he told the broker that was too much—he could not stand it; the broker then told him he would see the complainant and see if he would take less; a few days afterward the broker told him the complainant would take eight per cent.; he accepted this offer and the broker withheld eight per cent. The whole of the sum loaned, except about $1,500, was disbursed by the broker in satisfying liens existing on the mortgaged premises at the time the loan was made. The broker rendered an account to the defendant of the moneys received and disbursed for him, charging him commissions at the rate of eight per cent. The defendant admits that he accepted this account without objection or question. No communication of any kind passed between the complainant and the defendant during the negotiation for the loan, nor until long afterwards. These are the facts, found in the defendants proofs, on which he relies to establish his defence.

NOTE.—As to proving the existence of the agency before allowing the agent to testify, see *Bunting* ads. *Allen, 3 Harr. 299; Ayres* v. *Van Lieu, 2 South 769.*—REP.

The rule is perfectly well settled, that the declarations of an agent, made pending a transaction in which he is authorized to represent his principal, and constituting part of the transaction, are, in law, to be regarded as the declarations of the principal; but to entitle them to this effect, it is plain, it is necessary, both as a matter of reason and justice, that the fact of his agency should first be established by competent evidence. The agent's unsworn declarations are utterly incompetent for such a purpose. They are, at their very best, mere hearsay. A proposition so rudimental needs no proof.

The defence is unproved. But if the facts relied on as a defence had been established by competent evidence, still, I think, the defendant would not have been entitled to prevail. It is certain, if the complainant is believed, no usury can be found. The facts show that the broker was the defendant's agent, and not the agent of the complainant. The complainant swears that he advanced the whole of the sum agreed to be loaned to the defendant; the account of the agent rendered to the defendant, and put in evidence by the defendant himself, shows that to have been the fact. The complainant further swears that not a penny of the eight per cent. retained by the broker ever came to him, nor was it retained with his knowledge, by his procurement or for his benefit. His evidence on this point is uncontradicted and unimpeached. The broker and the complainant's son divided the commissions retained by the broker, the son taking five per cent. and the broker retaining three, but both the complainant and his son swear that the complainant was ignorant of this arrangement, did not participate in it, and derived no benefit from it. The case is without the slightest proof, which would justify a judgment, that a single penny of the sum retained by the broker as commissions, ever reached the complainant, either directly or indirectly, so that it can be truthfully said that he received it or was profited by it. It is impossible to find the fact of usury in this case, unless the evidence of two witnesses is thrust aside as false, in the absence of anything which would justify the rejection of their evidence.

My judgment is, the defence fails, and the complainant is, consequently, entitled to a decree for the full amount secured by his mortgage.